THE STATE *ex rel.* RICHMOND FIRE ASSOCIATION v. GATES.

Insurance Companies: WITHDRAWAL OF SECURITIES FROM STATE TREASURY: MANDAMUS. Under section 20, p. 769, Wag. Stat., an insurance company wishing to withdraw from the custody of the State Treasurer securities deposited with him in compliance with the act of March 23rd, 1874, (Acts 1874, p. 76,) must present a written order of the acting president and secretary, or of the directors, of the company, endorsed by the Superintendent of the Insurance Department, or the order of some court of competent jurisdiction; and, until such order is presented, the treasurer will not be compelled by mandamus to surrender them.

This rule is not affected by the fact that in the State to which the petitioning company belongs foreign companies are not required to produce such order to enable them to regain their securities.

*Petition for Mandamus.*

*Henry T. Kent* for relator.

*J. L. Smith,* Attorney General, for respondent.

HENRY, J.—In pursuance of an act of the General Assembly of this State, the petitioner on the 27th day of August, 1875, deposited with Jos. W. Mercer, then State Treasurer, one United States registered bond of the denomination of $10,000. The act in question was a retaliatory act, and Sec. 41 provided that: "Whenever the laws of any other State of the United States, or of any foreign country shall require of, or impose upon companies not organized under the laws of such State or country, any

further licenses, fees, taxes, deposits of securities, statements or certificates of authority, or require any other duties or acts, or inflict any greater fines or penalties than are by the laws of Missouri imposed or inflicted upon or required of companies not organized under the laws of this State, then it shall be the duty of the Superintendent of the Insurance Department of this State, to require of every company of such State transacting or seeking to transact the business mentioned in this act in this State, the payment of all licenses, fees, taxes, fines or penalties, and the making of all deposits of securities and statements, and the doing of all acts which by the laws of the State or country in which such company was organized, are in excess of the licenses, fees, taxes, deposits, statements, fines, penalties, acts or duties required by the laws of this State of companies of other States."

The plaintiff, a corporation organized under the laws of Virginia, was required to make the deposits in question with the State Treasurer, and it is not controverted that the law of the State of Virginia was of such a character, that under the section above quoted, the petitioner was properly required to make the deposit. Section 20, Wag. Stat., p. 769, requires the Treasurer to receive such securities, and to deposit them in the bank or banks where the State funds are deposited, and hold them as security for the policy holders in the companies to which they respectively belong; but also provides that as long as the company so depositing shall continue solvent, he shall permit such company to collect the interest or dividends on the deposited securities, and from time to time to withdraw any such securities on depositing others in their stead of the same value, &c. It provides further that: " Such securities, or any part of the same, shall not be withdrawn from the custody of said treasurer, unless upon the written order of the acting president and secretary, or of the directors of the company making the deposit, which order shall be endorsed by the Superintendent of the Insurance

Department, or upon the order of some court of competent jurisdiction." The petition for the writ omits to allege that the president and secretary, or the directors of the company gave a written or any order, for the bond in question upon the Treasurer. The Treasurer filed a demurrer to the petition, on the ground of the omission to state that fact.

The counsel for the petitioner contends, that inasmuch as the Virginia statute does not require foreign companies transacting business in that State, wishing to withdraw their securities, to present to, the depository a written order from the officers of such companies, endorsed by the Superintendent of the Insurance Department, therefore the Missouri statute, being simply retaliatory, and penal in its nature, will not be construed to impose any greater penalties than it is clear, from its terms, it intended to inflict. This is conceded. The requirement in question, however, is not penal, but was intended to provide the Treasurer with a voucher to secure him against liability for permitting the withdrawal of the deposit. But if it is to be considered a penalty, the language of the act admits of but one construction. The Treasurer is not authorized to deliver the bond to the company, except upon the written order of the officers of the company, or the judgment of a court of competent jurisdiction; and until such order or judgment of a court is presented, the Treasurer is forbidden to permit the withdrawal of the bond, and this is not a proceeding in which a court will compel him to do so, until the statute has been complied with. The demurrer is sustained, and the peremtory writ refused. All concur.

WRIT REFUSED.